KHAN, APPELLEE, *v.* SUBURBAN COMMUNITY HOSPITAL, APPELLANT.

[Cite as Khan v. Suburban Community Hospital (1976), 45 Ohio St. 2d 39.]

(No. 75-239—Decided January 14, 1976.)

*Disbro & Ellerin Co., L. P. A., Mr. Robert R. Disbro* and *Mr. Harry H. Taich,* for appellee.

*Messrs. Arter & Hadden* and *Mr. Edward C. Crouch,* for appellant.

CORRIGAN, J. Appellant hospital advances three propositions of law which are necessarily interrelated and interdependent and which may be refined into one fundamental issue posed to us for decision.

The question in controversy that emerges is: Where the board of trustees of a private, nonprofit hospital adopts reasonable, nondiscriminatory criteria for the privilege of practicing major general surgery in the hospital, and procedural due process is followed in adopting and applying such criteria, and a staff physician is unable to qualify thereunder, should a court substitute its evaluation of such matters for that of the board and order the granting of specialty privileges to such physician?

The Court of Common Pleas properly found the criteria established by the board of trustees to be reasonable, nondiscriminatory and to be of general application. That court said: "It was a genuine effort by the board to provide good health care for the patients of Suburban Community Hospital." The Court of Appeals very properly did not disagree with the trial court's finding that these criteria are reasonable and not discriminatory.

However, the Court of Appeals went a step further and held that:

"* * * there remains the issue as to whether the criteria are reasonable when applied to Dr. Khan who competently performed general surgery at defendant hospital for four years. We conclude they are unreasonable as applied to Dr. Kahn. The basic purpose of qualifications such as the criteria herein involved is to insure competency. The criteria herein are so designed. However, there is no better test of competency than performance itself. Dr. Khan is legally licensed to perform general surgery and did so completely at defendant hospital for approximately four years. To exclude him from further practice merely because he has not attained membership in certain medical organizations is arbitrary, capricious, and unreasonable. * * *"

By so concluding for the reasons stated, the Court of Appeals strayed into a morass of error. It is the board,

not the court, which is charged with the responsibility of providing a staff of competent physicians. The board has chosen to rely on the advice of its medical staff, and the court may not surrogate for the staff in discharging this responsibility. As the court said, in *Sosa* v. *Board of Managers of Val Verde Memorial Hospital* (C. A. 5, 1971), 437 F. 2d 173, 177:

"The court is charged with the narrow responsibility of assuring that the qualifications imposed by the board are reasonably related to the operation of the hospital and fairly administered. In short, so long as staff selections are administered with fairness, geared by a rationale compatible with hospital responsibility, and unencumbered with irrelevant considerations, a court should not interfere. Courts must not attempt to take on the escutcheon of Caduceus."

The author of this latter opinion apparently mixed his metaphors because there is no escutcheon involved, but only the caduceus, carried by the messenger of the Gods in Roman mythology, Mercury. Mercury's wand, and caduceus, is winged with two serpents twined about it. It symbolized Mercury's power of inducing sleep. Milton calls it the "opiate rod." Another of the attributes of Mercury was the power of healing. Hence, the caduceus is now the emblem of physicians and the United States Army Medical Corps has adopted it as its symbol. What the author of the opinion apparently meant was that judges should not be flaunting the staff of Mercury and telling physicians how to run their profession.

The great weight of case authority in the United States is that a board of trustees of a private hospital has the authority to appoint and remove members of the medical staff of the hospital and to exclude members of the medical profession in its discretion from practicing in the hospital. And, the action of hospital trustees in refusing to appoint a physician to its medical or surgical staff, or declining to renew an appointment that has expired or changing the requirements for staff privileges, is not subject to judicial

review. The action of the board of trustees is final in such matters. A court may not substitute its judgment for that of the hospital trustees' judgment. See *Shulman* v. *Washington Hospital Center* (D. C. 1963), 222 F. Supp. 59; *Klinge* v. *Lutheran Charities Assn.* (E. D. Mo. 1974), 383 F. Supp. 287; *Duffield* v. *Memorial Hospital Assn.* (S. D. W. Va. 1973), 361 F. Supp. 398; *Dillard* v. *Rowland* (Mo. App. 1974), 520 S. W. 2d 81; *Mauer* v. *Highland Park Hospital Foundation* (1967), 90 Ill. App. 2d 409, 232 N. E. 2d 776; *Khoury* v. *Community Memorial Hospital* (1962), 203 Va. 236, 123 S. E. 2d 533; *State, ex rel. Sams,* v. *Ohio Valley General Hospital Assn.* (1965), 149 W. Va. 229, 140 S. E. 2d 457; *Edson* v. *Griffin Hospital* (1958), 21 Conn. Supp. 55, 144 A. 2d 341; *Natale* v. *Sisters of Mercy* (1952), 243 Iowa 582, 52 N. W. 2d 701.

Moreover, hospital governing boards are responsible for upgrading the standards of health care to be maintained in a hospital. *Darling* v. *Charleston Community Memorial Hospital* (1965), 33 Ill. 2d 326, 211 N. E. 2d 253, certiorari denied, 383 U. S. 946; *Joiner* v. *Mitchell County Hospital Authority* (1971), 125 Ga. App. 1, 186 S. E. 2d 307, affirmed, 229 Ga. 140, 189 S. E. 2d 412. See, also, cases in annotation, 51 A. L. R. 3d 981 (1972).

Finally, it is not arbitrary, capricious or unreasonable to exclude a physician from practicing a specialty in a private hospital when he has been unable to meet any of the professionally approved criteria adopted by the hospital's board of trustees for practicing the specialty.

To require Dr. Khan to meet the standards required of all physicians on the hospital staff cannot be arbitrary, capricious or unreasonable. For example, in the case of *Hamilton County Hospital* v. *Andrews* (1949), 227 Ind. 217, 84 N. E. 2d 469, certiorari denied, 338 U. S. 831, the trustees of a public hospital established new criteria for practicing surgery, namely, (1) that surgeons not members of the staff prior to a particular date must be licensed; and (2) that surgeons must have had one year service as an intern in an approved hospital and three years of surgical train-

ing which met the approval of the American College of Surgeons. These criteria were held to be reasonable and not discriminatory.

It should be noted at this point that Dr. Khan's license to practice medicine has not been interfered with by the adoption of these criteria by the trustees. Dr Khan still has all the privileges at the defendant hospital of a licensed physician. He can perform minor surgery, orthopedics and gynecology, but his privileges to perform major general surgery have been postponed until, at least, he satisfies one of the criteria adopted by the hospital's board of trustees.

For these reasons, the judgment of the Court of Appeals is reversed and the judgment of the Court of Common Pleas is reinstated.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.