FORT HAMILTON-HUGHES MEMORIAL HOSPITAL CENTER ET AL., APPELLEES, *v.* SOUTHARD, APPELLANT.

[Cite as Fort Hamilton-Hughes Memorial Hosp. Center *v.* Southard (1984), 12 Ohio St. 3d 263.]

(No. 83-50—Decided August 1, 1984.)

*Messrs. Millikin & Fitton* and *Mr. Stanley D. Rullman,* for appellee Fort Hamilton-Hughes Memorial Hospital Center.

*Messrs. Millikin & Fitton* and *Mr. James S. Irwin,* for appellee Sisters of Mercy of Hamilton, Ohio, Inc.

*Messrs. Hopple, Wesp & Osterkamp, Mr. E. Joel Wesp,* and *Messrs. Crabbe, Brown, Jones, Potts & Schmidt, Mr. Ira Owen Kane* and *Mr. Carl Morgenstern,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Ms. Leslie A. Winters,* urging reversal for *amicus curiae,* State Board of Chiropractic Examiners.

*Messrs. Porter, Wright, Morris & Arthur, Mr. James E. Pohlman* and *Ms. Roberta Y. Bavry,* urging affirmance for *amicus curiae,* Ohio State Medical Association.

*Sanford, Fisher, Fahey, Boyland & Schwarzwalder Co., L.P.A.,* and *Mr. Richard P. Fahey,* urging affirmance for *amicus curiae,* State Medical Board.

*Messrs. Bricker & Eckler* and *Mr. James J. Hughes, Jr.,* urging affirmance for *amicus curiae,* Ohio Hospital Association.

J. P. CELEBREZZE, J. Central to the resolution of this cause is the interpretation of R.C. 3701.351. This statute provides in pertinent part:

"(B) The governing body of any hospital, in considering and acting upon applications for staff membership or professional privileges within the scope of the applicants' respective licensures, shall not discriminate against a qualified person solely on the basis of whether such person is certified to practice medicine or osteopathic medicine, or podiatry, or dentistry."

Appellant maintains that the statute prohibits hospital boards, in the granting of professional privileges, from discriminating against any "qualified person" solely on the basis of the applicant's class of certification. Appellees maintain that the statute merely prohibits denial of privileges to qualified members of the four enumerated groups, and does not prohibit class-wide denial of hospital privileges to other groups of health care practitioners, such as chiropractors.

The goal of statutory construction is to ascertain and effectuate the intention of the General Assembly. It is a basic doctrine of construction that the express enumeration of specific classes of persons in a statute implies that the legislature intended to exclude all others. *State, ex rel. Boda,* v. *Brown* (1952), 157 Ohio St. 368, 372. The Ohio Revised Code provides for the licensing of more than one dozen groups of health care practitioners. The fact that the legislature specifically enumerated only four of these groups in R.C. 3701.351 implies that it intended to exclude the others.

The legislature has limited the application of other enactments in the medical field to the specific licensures enumerated therein. In *Whitt* v. *Columbus Cooperative* (1980), 64 Ohio St. 2d 355 [18 O.O.3d 512], this court held that the special statute of limitations for malpractice was inapplicable to a field of practice not specifically enumerated therein. In a recent enactment, R.C. 3727.06, which provides for rights relating to the admission of patients to hospitals, the legislature specifically enumerated the same four groups specified in R.C. 3701.351.

In view of these considerations, we conclude that R.C. 3701.351, which prohibits hospitals from discriminating in the granting of staff membership or hospital privileges, is by its terms applicable only to medical physicians, osteopathic physicians, podiatrists, and dentists.

Appellant sets forth two alternative propositions of law. First, he maintains that if R.C. 3701.351 only protects the four enumerated groups, it is violative of constitutional guarantees of equal protection. As the statute does not affect a fundamental interest or suspect class, it must be upheld if there exists any conceivable set of facts under which the classification rationally furthers a legitimate governmental objective. *Denicola* v. *Providence Hospital* (1979), 57 Ohio St. 2d 115, 119 [11 O.O.3d 290]. We note that the statute is intended to remedially prevent discrimination against the four enumerated groups. *Dooley* v. *Barberton Citizens Hospital* (1984), 11 Ohio St. 3d 216. The legislature could have reasonably concluded that certain groups were most in need of legislative redress to ensure that they would have ade-

quate access to the types of facilities and services essential to the performance of the particular medical services within the scope of their respective licensures. Ensuring the efficient use of health care facilities is a legitimate utilization of the police power. Since R.C. 3701.351 could reasonably further a legitimate governmental objective, it must be upheld.

Second, appellant contends that the hospitals' bylaws which preclude chiropractors, as a class, from obtaining hospital privileges are arbitrary and capricious, in violation of a fiduciary duty of hospitals to the public.

Appellees answer that the distinctions made by the bylaws are reasonable and proper because of the differences in philosophy and training between chiropractors and the four enumerated groups. The four groups utilize medicine and surgery to treat human illness and disease, whereas doctors of chiropractic rely primarily on vertebral adjustment and manipulation of the joints and adjacent tissues of the body.[1] Appellees maintain that this difference would make it impossible for the hospitals to adequately perform peer review of chiropractors. Appellees contend that, in any event, the actions of the trustees of a private, non-profit hospital are not subject to judicial review.

A review of the record discloses that the evidence was limited to the reasonableness and effect of the bylaws as applied to appellant. The record amply supports the conclusion that appellant failed to demonstrate that access to the hospitals' services was essential to the performance of services within his personal scope of authority, or whether any such necessity would be sufficient to justify the additional burden on the hospital. The trial court specifically found that appellant possessed X-ray equipment sufficient for his practice. The record does not show that appellant's practice has in any way suffered from the denial of access to hospital privileges. So concluding, we find it unnecessary to address the availability or proper scope of judicial review of hospital bylaws.[2]

---

[1] R.C. 4734.09 defines the scope of the license to practice chiropractic as follows:

"* * * [U]tilization of the relationship between the musculoskeletal structures of the body, the spinal column, and the nervous system, in the restoration and maintenance of health, in connection with which patient care is conducted with due regard for first aid, hygienic, nutritional, and rehabilitative procedures and the specific vertebral adjustment and manipulation of the articulations and adjacent tissues of the body. The chiropractor is authorized to examine, diagnose, and assume responsibility for the care of patients.

"The practice of chiropractic does not permit the chiropractor to treat infectious, contagious, or venereal disease, to perform surgery or acupuncture, or to prescribe or administer drugs for treatment, and roentgen rays shall be used only for diagnostic purposes. The practice of chiropractic does not include the performance of abortions. * * *"

Ohio Adm. Code 4734-1-15(A) further restricts the authority of an individual chiropractor to the performance of services within "the scope of his education, training, and experience."

[2] See, *Kahn* v. *Suburban Community Hospital* (1976), 45 Ohio St. 2d 39 [74 O.O.2d 56]; *Davidson* v. *Youngstown Hosp. Assn.* (1969), 19 Ohio App. 2d 246 [48 O.O.2d 371]; cf. *Dooley* v. *Barberton Citizens Hospital* (1984), 11 Ohio St. 3d 216.

For the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, LOCHER and HOLMES, JJ., concur.

SWEENEY and C. BROWN, JJ., dissent.

CLIFFORD F. BROWN, J., dissenting. The declaratory judgment by the court of common pleas in this case in favor of both appellee hospitals upholding their bylaws and policies respecting the limitation of the use of radiological and laboratory services as applied to chiropractors, and its affirmance by the court of appeals, are both unreasonable and unlawful, and should be reversed, with final judgment entered granting declaratory judgment in favor of the appellant, Fred Southard, a doctor of chiropractic. The declaratory relief should invalidate the appellees' bylaws pertaining to the exclusion of chiropractors from the use of hospital diagnostic services and facilities.

Appellant is a duly qualified and licensed chiropractor. When he referred patients to appellees for diagnostic laboratory and X-ray testing they refused to accept the patients. The appellees' position rested entirely on the basis that their bylaws made no provision for inclusion of doctors of chiropractic for any kind of hospital privileges.

R.C. 3701.351, read *in pari materia* with R.C. 4734.09, prohibits hospitals from denying patients access to diagnostic laboratory testing and X-ray procedures solely because the diagnostic tests were required by a doctor of chiropractic. In R.C. 4734.09 the General Assembly has recognized that doctors of chiropractic are qualified to examine, *diagnose,* and assume responsibility for the care of patients, as follows:

"* * * The chiropractor is authorized to examine, *diagnose,* and assume responsibility for the care of patients." (Emphasis added.)

R.C. 3701.351, which provides that hospitals may not discriminate against a "qualified person" in considering an application for staff membership or professional privileges within the scope of the applicant's licensure solely on the basis of the applicant's class of certification, prohibits hospitals from denying patients of doctors of chiropractic access to outpatient diagnostic services merely because such patients are referred by a doctor of chiropractic. This is clearly evident by a careful analysis of the relevant language of R.C. 3701.351(B) which provides:

"The governing body of any hospital, in considering and acting upon applications for staff membership or professional privileges *within the scope of the applicants' respective licensures,* shall not discriminate against a *qualified person* solely on the basis of whether such person is certified to practice

medicine or osteopathic medicine, or podiatry, or dentistry." (Emphasis added.)

Appellant, as a doctor of chiropractic, is a *"qualified person"* within the meaning of R.C. 3701.351. Notwithstanding the differences in philosophy of treatment and educational background between doctors of chiropractic and other doctors, qualified doctors of chiropractic may not be discriminated against solely because R.C. 3701.351 does not expressly include them within its terms or because they are of a different class of qualified doctors. *Stribling* v. *Jolley* (1952), 241 Mo. App. 1123, 253 S.W. 2d 519; *Fritz* v. *Huntington Hospital* (1976), 39 N.Y. 2d 339, 348 N.E. 2d 547.

A hospital has a fiduciary duty to the public that must be exercised reasonably and for the public good. Bylaws and actions of hospitals that preclude doctors of chiropractic, as a class, from referring patients to hospitals for diagnostic testing on an outpatient basis, as in the case here, are arbitrary, discriminatory, unreasonable and capricious, so as to render such actions and the bylaws invalid. In such a case a court may substitute its judgment for the hospital's and invalidate such hospital bylaws and actions. *Davidson* v. *Youngstown Hospital Assn.* (1969), 19 Ohio App. 2d 246 [48 O.O.2d 371]; *Griesman* v. *Newcomb Hospital* (1963), 40 N.J. 389, 192 A. 2d 817; *Silver* v. *Castle Memorial Hospital* (1972), 53 Hawaii 475, 497 P. 2d 564.

Since the General Assembly in R.C. 4734.09 has pronounced that doctors of chiropractic, licensed under Ohio law, are qualified to diagnose patients, hospital actions and bylaws that preclude doctors of chiropractic access to outpatient diagnostic services, not because of individual incompetence to diagnose, but solely because the doctor is a doctor of chiropractic, are arbitrary and unreasonable. See *Porter Memorial Hospital* v. *Harvey* (1972), 151 Ind. App. 299, 279 N.E. 2d 583.

The principal Ohio case upon which the court of appeals relied in reaching its clearly erroneous decision is *Khan* v. *Suburban Community Hospital* (1976), 45 Ohio St. 2d 39, at 44-45 [74 O.O.2d 56]. That case is clearly not applicable to the facts here. In *Khan* this court held that the action of trustees of a private hospital in refusing to appoint a *physician* to its *medical or surgical staff* is not subject to judicial review, that the action of the hospital trustees is final, and that the court may not substitute its judgment for that of the hospital trustees.[3] *Khan* is a sound holding as applied to the facts

---

[3] The obvious inapplicability of our holding in *Kahn* v. *Suburban Community Hospital* (1976), 45 Ohio St. 2d 39 [74 O.O.2d 56], to the facts in the instant case is apparent from our opinion in *Kahn,* at 44-45, as follows:

"The great weight of case authority in the United States is that a board of trustees of a private hospital has the authority to appoint and remove members of the medical staff of the hospital and to exclude members of the medical profession in its discretion from practicing in the hospital. And, the action of hospital trustees in refusing to appoint a physician to its medical or surgical staff, or declining to renew an appointment that has expired or changing the requirements for staff privileges, is not subject to judicial review. The action of the board of trustees is final in such matters. A court may not substitute its judgment for that of the hospital trustees' judgment. * * *"

Appointment of a physician to a hospital medical staff, requiring evaluation of his profes-

therein, but it concerns only *individual competence* of a physician and his claimed right to be appointed to a *private hospital medical or surgical staff.* In the case at bar there is no issue pertaining to the individual competence of Dr. Southard, nor was there any effort on his part to be appointed to a hospital medical staff. Applying the holding in *Khan* to this case is like comparing apples with oranges.

R.C. 3701.351, construed and applied as the lower courts have done here, violates the rights of a doctor of chiropractic to equal protection and due process under the Ohio Constitution and the United States Constitution when that statute is interpreted to exclude doctors of chiropractic as a class from those qualified persons having a clear right to be protected from discrimination under R.C. 3701.351 as it relates to use of diagnostic services of a hospital. Section 2, Article I, Ohio Constitution; Section 1, Fourteenth Amendment to the United States Constitution. In order for legislative classification not to violate the constitutional rights to equal protection of the laws, reasonable grounds and a rational basis must exist for making a distinction between those within and those outside a disputed class. *Beatty* v. *Akron City Hospital* (1981), 67 Ohio St. 2d 483, 493 [21 O.O.3d 302]; *State* v. *Buckley* (1968), 16 Ohio St. 2d 128; *Carrington* v. *Rash* (1965), 380 U.S. 89. Cf. *Shaw* v. *Hospital Auth.* (C.A.5, 1975), 507 F. 2d 625, and following remand (1980), 614 F. 2d 946. In *Shaw, supra,* a podiatrist was seeking *staff privileges* at a county hospital where the hospital bylaws authorized that *staff* membership of the hospital be given only to full practice physicians and licensed dentists.

SWEENEY, J., concurs in the foregoing dissenting opinion.

---

sional qualifications and experience, requires medical expertise of his peers and for this reason such appointment is primarily a medical, not a legal, problem, and should not be subject to judicial review. *Khan, supra.* However, excluding an entire class of qualified, licensed health providers, such as chiropractors, from utilizing hospital diagnostic services within their field of expertise, is primarily a legal problem, not a medical problem, and should be subject to judicial review.