HOUSTON, Justice.
In Clemons v. Fairview Medical Center, Inc., 449 So.2d 788 (Ala.1984), this Court held that the trial court erred in granting a motion to dismiss (which was treated by this Court as a motion for summary judgment), since Clemons’s complaint stated a claim upon which relief could be granted and the evidence, when viewed most favorably to Clemons, did not support a conclusion that Fairview was entitled to a judgment as a matter of law. The case was reversed and remanded.
*1212 At Clemons’s request, which was consented to by Fairview, the case was decided upon the transcript and pleadings in the prior proceeding without additional evidence. At the prior proceeding, ore tenus evidence had been taken before the trial judge, who made the findings set out hereinafter.
The trial court made the following findings, conclusions, and order:
“This case is now before this Court on remand from the Supreme Court of Alabama.
“The parties hereto have stipulated and agreed that the case be submitted to the Court for determination on the merits of the transcript and all pleadings and procedures heretofore held herein.
“This Court, therefore, pursuant to such stipulations, makes the following findings and conclusions:
“The evidence shows that Plaintiff is a registered physical therapist. In June, 1980, Plaintiff entered into a one-year exclusive contract with Fairview Medical Center to provide physical therapy services for the hospital. Under this contract no other physical therapist could provide physical therapy services for the hospital unless the nature of the therapy requested by a patient’s physician exceeded the Plaintiff’s professional competency. Around this same time period Plaintiff submitted an application for appointment to the medical staff of the hospital, and in July, 1980, he received a letter informing him that this appointment to the medical staff as an Allied Health Professional had been approved. Plaintiff’s contract was renewed in 1981 for another year. This contract, by its own terms, terminated in August, 1982, at which time the Plaintiff was notified that the contract would not be renewed. Also, the Plaintiff was informed by telephone that the Board of Trustees of the hospital was terminating his medical staff membership and privileges. The Plaintiff subsequently received a letter in December, 1982, confirming that his medical staff privileges were terminated. The Plaintiff contends that the termination of his medical staff or clinical privileges was unlawful, arbitrary and capricious, and in violation of the hospital’s charter and by-laws. Defendants contend that the Plaintiff was not, and is not, eligible for appointment to the medical staff and that his initial appointment was in violation of the hospital’s by-laws.
“Article III, Section 1, of the By-laws of the Medical Staff of the hospital provides that membership on the medical staff shall be extended only to ‘practitioners.’ The term ‘practitioners’ is defined in the by-laws to mean ‘an appropriately licensed physician, or an appropriately licensed dentist or doctor of po-diatric medicine unless specifically stated otherwise.’ The Plaintiff as a physical therapist is classified as an allied Health Professional, is only eligible to provide specified services in the hospital under the supervision of a licensed practitioner who has clinical privileges at the hospi'tal.
“When the Plaintiff’s contract with the Defendants terminated in August, 1982, it was not renewed and the contract was awarded to another physical therapist. However, the hospital has never denied that the Plaintiff is qualified and eligible to provide specified services under the by-laws should the need arise. In fact, the Plaintiff has provided specified services at the hospital since the termination of his medical staff privileges when the physical therapy requested by a physician exceeded the capabilities of the physical therapist that, is now under contract with the hospital. The Plaintiff has the same privileges now that other physical therapists had when the Plaintiff held the contract with the hospital. Further, there is no evidence that Plaintiff is treated differently from other Allied Health Professionals in that no Allied Health Professional presently is a medical staff member under the hospital’s by-laws.
“The Court finds that the Plaintiff was never eligible for medical staff privileges and that the termination of these privi-
*1213 leges was not unlawful and was not in violation of the hospital’s by-laws. Further, the Court finds no evidence of arbitrary, discriminatory or capricious conduct in the Defendant’s behalf in terminating these privileges which had been granted erroneously. These conclusions, pursuant to the stipulation of parties, are based upon a consideration of the entire record including the evidentiary hearing. Accordingly, it is
“ORDERED, ADJUDGED, and DECREED by the Court that judgment be entered for Defendants.”
The issues presented by Clemons are that he is entitled to clinical privileges under the Fairview Medical Center Medical Staff By-laws and the trial court’s finding of fact is erroneous.
The only authorities cited by Clemons are Clemons v. Fairview Medical Center, Inc., supra; and Medical and Surgical Society of Montgomery v. Weatherly, 75 Ala. 248 (1883).
The trial court acted in compliance with the first Clemons case; it has made findings of fact after as full a hearing on the merits as Clemons requested.
The trial judge found, and such findings were fully supported by the evidence, that Clemons was never eligible for medical staff privileges and that the termination of these privileges was not unlawful and not in violation of the hospital’s by-laws. In Medical and Surgical Society of Montgomery v. Weatherly, supra, this Court held that a medical society could be compelled to reinstate a member whose membership was terminated in a manner contrary to the provisions of the society’s constitution and by-laws.
The trial court concluded that Clemons’s termination was not in a manner contrary to the provisions of Fairview’s by-laws. Our independent review of the entire record compels us to a conclusion totally consistent with that of the trial judge.
AFFIRMED.
TORBERT, C.J., and FAULKNER, AL-MON and BEATTY, JJ., concur. .