LAKESIDE COMMUNITY HOSPITAL, INC., AND THE TRUSTEES OF LAKESIDE COMMUNITY HOSPITAL, IN THEIR OFFICIAL CAPACITY AND AS INDIVIDUALS: MARGARET W. MONTGOMERY; JOHN C. ROGERS; EDWARD I. ORLEY; CHESTER S. LATHSHAW; JAN F. CLARK; JAY JOHNSON; JAMES F. QUINN AND DAVID TRUSSELL, APPELLANTS, *v.* BARRY LEVENSON, M.D., RESPONDENT.

No. 16453

December 20, 1985                                    710 P.2d 727

*Piscevich & Gallagher,* Reno, for Appellants.

*Lionel, Sawyer & Collins, Dennis L. Kennedy,* Las Vegas, for Amicus Nevada Hospital Association.

*Lawrence J. Semenza,* Reno, for Respondent.

## OPINION

*Per Curiam:*

Lakeside Community Hospital, a private hospital, appeals from an order granting a preliminary injunction requiring the hospital to grant Barry Levenson, M.D., limited staff privileges, after the hospital board of trustees voted to deny Levenson these privileges.

The threshhold issue is whether the courts have power to review the denial of a physician's application for staff privileges. We hold that the courts do not have this power and dissolve the preliminary injunction.

The weight of judicial authority in this country denies judicial review of decisions of governing boards of private hospitals to appoint or remove members of their medical staffs.

> The action of hospital trustees in refusing to appoint a physician to its medical or surgical staff, or declining to renew an appointment that has expired or changing the requirements for staff privileges, is not subject to judicial review. The action of the board of trustees is final in such matters. A court may not substitute its judgment for that of the hospital trustees' judgment.

Kahn v. Suburban Community Hospital, 340 N.E.2d 398 (Ohio 1976) (citation omitted).

Since the district court had no jurisdiction to review the decision of the hospital's board, it had no power to issue a preliminary injunction in this case. The order granting the injunction is reversed, and the preliminary injunction is dissolved.