Bouquett et al., Appellees and Cross-Appellants, *v.* St. Elizabeth Corporation et al., Appellants and Cross-Appellees.

[Cite as Bouquett *v.* St. Elizabeth Corp. (1989), 43 Ohio St. 3d 50.]

(No. 88-154—Submitted February 22, 1989—Decided May 17, 1989.)

*Dinsmore & Shohl* and *Patrick D. Lane,* for appellants and cross-appellees.

*Frederick E. Davis, Jr.,* for appellees and cross-appellants.

*Arthur D. Jackson,* in support of the position of appellees and cross-appellants, for *amicus curiae* Gem City Medical, Dental and Pharmaceutical Society.

ALICE ROBIE RESNICK, J. The board of trustees of a private hospital has broad discretion in determining who shall be permitted to have staff privileges. Courts should not interfere with the exercise of this discretion unless the hospital has acted in an arbitrary, capricious or unreasonable manner or, in other words, has abused its discretion. *Khan* v. *Suburban Community Hospital* (1976), 45 Ohio St. 2d 39, 44-45, 74 O.O. 2d 56, 59, 340 N.E. 2d 398, 402.

Appellee does not claim that his staff privileges could not have been suspended due to his felony conviction. Rather, appellee simply asserts that the summary suspension under Subsection 2, Section 6, Article III of the medical staff bylaws was unwarranted because his felony conviction in no way affected the care of patients. Subsection 2a provides in pertinent part:

"Any two of the following —\the President of the Executive Committee, the President of the Medical Staff, the Chairman of a clinical department, the Chief Executive Officer and the Executive Committee of the Medical Staff or the governing body — shall each [*sic*] have the authority, whenever action must be taken immediately in the best interest of patient care in the hospital, to summarily suspend all or any portion of the clinical privileges of a staff member and such summary suspension shall become effective immediately upon imposition."

The record discloses little as to what specifically was said prior to the summary suspension. However, testimony at the trial indicated that during the executive committee meeting of May 27, 1986, there was some concern expressed by the committee that retaining a physician on the staff who had been convicted of a felony would not be perceived well by the community. Appellee strenuously argues that his summary suspension was improperly based on the fact that the medical staff executive committee was concerned solely with bad public relations.

Subsection 2a provides summary suspension when such action "must be taken immediately in the best interest of patient care in the hospital." We find that the term "best interest of patient care in the hospital" encompasses more than a physician's technical skills and professional competence. Rather, it includes the perceived integrity of the physician which becomes suspect after he has been convicted of a felony.

This, however, does not end our discussion. It was the medical staff's executive committee pursuant to staff bylaws which summarily suspended appellee, not St. Elizabeth Medical Center. The question arises, then, as to whether a hospital is liable for action taken by its medical staff pursuant to staff bylaws. This issue was discussed in *Munoz* v. *Flower Hospital* (1985), 30 Ohio App. 3d 162, 166, 30 OBR 303, 306-307, 507 N.E. 2d 360, 364-365, wherein the court stated:

"A review of cases from other jurisdictions shows there is a split of authority over whether a hospital's staff bylaws contractually bind the hospital to follow those bylaws. Some cases say that staff bylaws do contractually bind the hospital. See *Berberian* v. *Lancaster Osteopathic Hospital Assn., Inc.* (1959), 395 Pa. 257, 149 A. 2d 456; *Terre Haute Regional Hospital, Inc.* v. *El-Issa* (Ind. App. 1984), 470 N.E. 2d 1371; *Clemons* v. *Fairview Medical Center, Inc.* (Ala. 1984), 449 So. 2d 788. Some cases hold that staff bylaws do not contractually bind the hospital. *Manczur* v. *Southside Hospital* (1959), 16 Misc. 2d 989, 183 N.Y. Supp. 2d 960; *Leider* v. *Beth Israel Hospital Assn.* (1960), 33 Misc. 2d 3, 229 N.Y. Supp. 2d 134, affirmed (1962), 11 N.Y. 2d 205, 227 N.Y. Supp. 2d 900, 182 N.E. 2d 393; *Natale* v. *Sisters of Mercy* (1952), 243 Iowa 582, 52 N.W. 2d 701. The cases holding that a hospital is bound by its staff bylaws base their decisions on the reasoning that if the hospital is not bound by the bylaws, then essentially the bylaws would be meaningless. The cases holding that a hospital is not bound by its staff bylaws base their decisions on the reasoning that there is no consideration or mutuality of obligation between the parties and therefore the staff bylaws are not a binding contract. * * *"

Hence, before we can determine if appellant medical center is bound by the staff bylaws, we must consider the language of the bylaws at issue. Article XI provides:

"These Bylaws together with the appended Rules and Regulations shall be adopted at any regular meeting of the Staff, shall replace any previous Bylaws, Rules and Regulations, and shall become effective when approved by the Board of Trustees of the Center. They shall when adopted and approved be equally binding on the Board of Trustees and the Staff.

"Adopted by the Medical Staff of St. Elizabeth Medical Center."

Article XI contains the only language which would indicate that the staff bylaws are binding on the board of trustees of St. Elizabeth Medical Center.[1]

---

[1] This provision, however, contains no language showing that it is binding on St. Elizabeth Corporation. Furthermore, the preamble to the bylaws states that "the Medical Staff is responsible for the quality of medical care in the Center and must accept and assume this responsibility, subject to the ultimate authority of the Board of Trustees of the Corporation of *St. Elizabeth Medical Center.* * * *" (Emphasis added.) Thus there is nothing in the preamble or in the bylaws themselves which shows that St. Elizabeth Corporation is to be bound by the "Bylaws, Rules and Regulations of the Medical Staff" of St. Elizabeth Medical Center. The record shows that St.

Assuming that the bylaws are binding on the medical staff as well as on St. Elizabeth Medical Center, appellee's cross-claim that the medical center breached its contract with him by not following the proper suspension procedure is without merit. As seen above, a felony drug conviction of a physician requires immediate action and is sufficient reason to summarily suspend him in the best interest of patient care.

Furthermore, after being notified promptly that the executive committee of the medical staff had summarily suspended him, appellee was afforded subsequent hearings before the executive committee and the board of directors.[2] At both of these hearings, appellee was given the opportunity to present whatever information he desired. Therefore, we find that the court of appeals erred in reversing the trial court and remanding the case to determine any damages resulting from the summary suspension from May 27 to June 17, 1986.

We proceed next to a consideration of appellee's cross-appeal wherein he contends that due process of law was denied him. St. Elizabeth Medical Center is a nonprofit corporation. Appellee has failed to show the presence of any state action which

would warrant the constitutional protection of due process. "The 'due process' clause of the Fourteenth Amendment to the United States Constitution does not provide any shield against private conduct abridging a person's constitutional rights, unless it is done under color of state law. See: *Mulvihill* v. *Butterfield Memorial Hospital* (S.D. N.Y. 1971), 329 F. Supp. 1020 * * *." (Citations omitted.) *Gotsis* v. *Lorain Community Hospital* (1974), 46 Ohio App. 2d 8, 15, 75 O.O. 2d 18, 21-22, 345 N.E. 2d 641, 646.

However, in *Khan, supra,* we emphasized the importance of procedural due process even in a private hospital. "Where the board of trustees of a *private*, nonprofit hospital adopts reasonable, nondiscriminatory criteria for the privilege of practicing major general surgery in the hospital, and procedural due process is followed in adopting and applying such criteria, * * * a court should not substitute its evaluation and judgment of such matters for those of the board of trustees * * *." (Emphasis added.) *Khan, supra,* at the syllabus. We find that appellee was afforded sufficient procedural due process to satisfy *Khan.* Thus, appellee's due process argument fails for the foregoing reasons.

In conclusion, we find this case to

---

Elizabeth Corporation is the parent company of the wholly owned subsidiary St. Elizabeth Medical Center. However, we cannot discern with more precision the relationship between these two entities.

[2] Subsection 2, Section 6, Article III provides:

"b) A staff member whose clinical privileges have been summarily suspended shall be entitled to request that the Executive Committee of the Medical Staff hold a hearing on the matter within such reasonable time period thereafter as the Executive Committee may be convened in accordance with Article III of these Bylaws.

"c) The Executive Committee may recommend modification, continuance or termination of the terms of the summary suspension. If, as a result of such hearing, the Executive Committee does not recommend immediate termination of the summary suspension, the affected staff member shall, also in accordance with Article III, be entitled to request an appellate review by the governing body, but the terms of the summary suspension as sustained or as modified by the Executive Committee shall remain in effect pending a final decision thereon by the governing body."

be very similar to *Khan, supra,* in that there was no question as to appellee's competence as an ophthalmologist. Instead the crucial question is, does the medical staff of a private hospital have the authority to summarily suspend a physician who has been convicted of a felony involving distribution of a controlled substance? We adhere to our previous holding in *Khan, supra,* wherein we stated, "* * * It is the board, not the court, which is charged with the responsibility of providing a staff of competent physicians. The board has chosen to rely on the advice of its medical staff, and the court may not surrogate for the staff in discharging this responsibility. * * *" *Id.* at 43-44, 74 O.O. 2d at 58, 340 N.E. 2d at 402. We do not find the summary

suspension of appellee to have been arbitrary, capricious or unreasonable.

We find that neither St. Elizabeth Corporation nor Beckett is liable in damages for the summary suspension of appellee.

Accordingly, the judgment of the court of appeals is reversed in part and affirmed in part.

*Judgment reversed in part*
*and affirmed in part.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS and H. BROWN, JJ., concur.

WRIGHT, J., concurs in paragraph two of the syllabus and in the judgment.