[Cite as *Jurenovich v. Trumbull Mem. Hosp.*, 2020-Ohio-2667.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| MICHAEL J. JURENOVICH, D.O., | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2018-T-0037** |
| TRUMBULL MEMORIAL HOSPITAL, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2016 CV 02330.

Judgment: Affirmed.

*Stephen P. Griffin*, Griffin Law, LLC, 4051 Whipple Avenue NW, Suite 201, Canton, OH 44718, and *Michael J. Kahlenberg*, Kahlenberg Law, LLC, 825 S. Main Street, North Canton, OH 44720 (For Plaintiff-Appellant).

*Michael Ockerman* and *Rocco D. Potenza*, Hanna, Campbell & Powell, LLP, 3737 Embassy Parkway, Suite 100, Akron, OH 44333 (For Defendant-Appellee).

THOMAS R. WRIGHT, J.

{¶1}    Appellant, Michael J. Jurenovich, D.O., appeals the trial court's decision granting summary judgment in favor of appellees, Trumbull Memorial Hospital, the board of trustees, the medical executive committee, and Chief Executive Officer John Walsh (collectively the hospital).  We affirm.

{¶2}    Jurenovich is an orthopedic surgeon, who prior to April 2016, had staff privileges at Trumbull Memorial Hospital subject to the hospital's Medical Staff Bylaws.

{¶3} In August 2014, Jurenovich was sued for Medicare fraud, and the case was eventually settled and dismissed. Jurenovich did not inform the hospital about the settlement, and it first became aware of the settlement three months later, when an article appeared in a local newspaper. The hospital immediately terminated Jurenovich's staff privileges based on a bylaw violation.

{¶4} In December 2016, Jurenovich sued the hospital asserting claims for declaratory judgment, breach of contract, and violation of state law due process rights. Jurenovich contends the hospital breached the bylaws by terminating his staff privileges without conducting a full hearing.

{¶5} Jurenovich moved for partial summary judgment on his breach of contract and declaratory judgment claims, and in response, the hospital moved for summary judgment on his claims. The trial court denied Jurenovich's motion and granted the hospital summary judgment and entered judgment in its favor. The parties agree that the bylaws govern the hospital's termination of Jurenovich's privileges but dispute which provision controls.

{¶6} Regarding Jurenovich's breach of contract and declaratory judgment claims, the court held that Section 3.3(k) of the bylaws governs, and thus a full hearing is not required. The trial court also held that because the bylaws govern the termination of Jurenovich's privileges, he was not entitled to a hearing under state law.

{¶7} Jurenovich asserts two assignments of error:

{¶8} "[1.] The trial court erred in concluding that the language of the bylaws regarding the revocation of Dr. Jurenovich's clinical and staff privileges was clear and unambiguous in removing the action from the purview of the Fair Hearing Plan.

{¶9} "[2.] The trial court erroneously granted summary judgment to defendants on Dr. Jurenovich's due process and fair hearing procedure claim when it failed to evaluate whether the TMH defendants complied with procedural due process in adopting and applying the relevant sections of the bylaws."

{¶10} We review summary judgment decisions de novo and conduct an independent review of the evidence presented to the trial court and render a decision anew without deference to the trial court's conclusions. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

{¶11} "[S]ummary judgment is proper only when '(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.' *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267; see Civ.R. 56(C)." *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, 821 N.E.2d 564, ¶ 6.

{¶12} The rules for interpreting contracts apply when construing written instruments. *McAuley v. Brooker*, 7th Dist. Noble No. 17 NO 0445, 2017-Ohio-9222, 101 N.E.3d 1118, ¶ 17.

{¶13} "'The construction of contracts is a matter of law. *Cent. Funding, Inc. v. CompuServe Interactive Servs.*, 10th Dist. No. 02AP-972, 2003-Ohio-5037, 2003 WL 22177226, ¶ 42, citing *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241, 374 N.E.2d 146 (1978), paragraph one of the syllabus. When construing a contract, a court's

3

principal objective is to ascertain and give effect to the intent of the parties. *Hamilton Ins. Servs., Inc. v. Nationwide Ins. Cos.*, 86 Ohio St.3d 270, 273, 1999-Ohio-162, 714 N.E.2d 898 (1999). "The intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement." *Kelly v. Med. Life Ins. Co.*, 31 Ohio St.3d 130, 31 Ohio B.R. 289, 509 N.E.2d 411 (1987), paragraph one of the syllabus. Thus, where the terms of a contract are clear and unambiguous, a court cannot look beyond the plain language of the agreement to determine the rights and obligations of the parties. *Cocca Dev.*, 7th Dist. No. 08MA163, 2010-Ohio-3166, 2010 WL 2676913, at ¶ 26, citing *Aultman Hospital Assn. v. Community Mut. Ins. Co.*, 46 Ohio St.3d 51, 53, 544 N.E.2d 920 (1989). However, if a contract is reasonably susceptible to more than one meaning, then it is ambiguous and extrinsic evidence of reasonableness or intent can be employed. *Id.*, citing *City of Steubenville v. Jefferson Cty.*, 7th Dist. No. 07JE51, 2008-Ohio-5053, 2008 WL 4416062, ¶ 22.' *7 Med. Sys., LLC v. Open MRI of Steubenville*, 7th Dist. Jefferson No. 11 JE 23, 2012-Ohio-3009, 2012 WL 2522646, ¶ 27.

{¶14} "Further, courts should give the words or terms in an agreement their plain and ordinary meaning unless such a reading results in a manifestly absurd outcome or if there is clear evidence of a different meaning upon reviewing the entire agreement. * * * *Cooper Tire & Rubber Co. v. Warner Mechanical Corp.*, 3d Dist. Hancock No. 5-06-39, 2007-Ohio-1357, 2007 WL 881499, ¶ 10." *Mentor Exempted Village School Dist. Bd. of Edn. v. Lake Cty. Educational Serv. Ctr. Governing Bd.*, 11th Dist. Lake No. 2015-L-135, 2016-Ohio-7649, 74 N.E.3d 706, ¶ 39-40.

{¶15} The facts are not in dispute. The federal Medicare fraud action against Jurenovich ended with a negotiated settlement. Jurenovich had a duty under the bylaws

4

to inform the hospital of the settlement, and he did not fulfill that obligation. Thus, the sole issue under his first assignment concerns the proper interpretation of the bylaws and whether he was entitled to a hearing before the hospital revoked his staff privileges.

{¶16} The hospital argues that Section 3.3(k) unambiguously provides that Jurenovich's failure to give the hospital notice that he settled the lawsuit allowed it to terminate his staff privileges without a hearing. They further argue that since Section 3.3(k) specifically applies, it controls over Article 8 of the bylaws, which grants the right to a full hearing in corrective actions.

{¶17} On the contrary, Jurenovich maintains that Article 8, governing corrective actions against a member of the medical staff, gives all staff members procedural protections, including a full hearing in accordance with the bylaw's Fair Hearing Plan. Thus, he contends that because Section 3.3(k) does not expressly state that he is *not* entitled to a full hearing, the hospital breached the bylaws upon terminating him without a hearing in violation of Article 8.

{¶18} Section 3.3 provides in part:

{¶19} "3.3 Basic Responsibilities of Staff Membership

{¶20} "Each member of the Medical Staff shall:

{¶21} "* * *

{¶22} "(k) Notify the CEO and President of the Medical Staff within Fourteen (14) days if:

{¶23} "* * *

{¶24} "(3) He/She is subject to a final judgment or settlement, in any court proceeding alleging that he/she committed professional negligence or fraud;

{¶25} "* * *

{¶26} "Failure to provide any such notice as required above, shall result in immediate loss of medical staff membership and clinical privileges. The practitioner may request that the MEC and Board, in their sole discretion, excuse such failure to disclose for good cause shown."

{¶27} Section 3.3(k) provides a staff member with a remedy when he fails to give the necessary notice by permitting the practitioner to request that the MEC and Board, in their discretion, excuse the lack of notification "for good cause shown." Here, Jurenovich advised that he did not give notice of the settlement because he did not know about this requirement. His failure to notify was not excused, and he was told that his only recourse was to reapply for privileges.

{¶28} As argued by the hospital, it is well established that when two provisions in a contract have conflicting language, the provision that specifically relates to the underlying subject matter controls over the general. *Hedrick v. Spitzer Motor City, Inc.*, 8th Dist. Cuyahoga No. 89306, 2007-Ohio-6820, ¶ 16, quoting *Mut. Life Ins. Co. v. Hill*, 193 U.S. 551 (1904).

{¶29} Here, Article 8 does not contain language stating that its hearing requirement applies to violations of Section 3.3(k). Instead, Article 8 sets forth general procedures to be followed when corrective action is taken against a member of the medical staff. Since Section 3.3(k) sets forth a specific and different procedure to be followed when a staff member fails to provide notice of a settlement in a fraud proceeding, it controls. Therefore, the trial court did not err in granting summary judgment in the hospital's favor on Jurenovich's breach of contract and declaratory judgment claims.

{¶30}   Jurenovich also argues that the word "loss," as used in section 3.3, does not mean termination or revocation.  We disagree.  Loss means "[t]he failure to maintain possession of a thing." Black's Law Dictionary (9th Ed.2009) 1030.  Therefore, as used in Section 3.3(k), loss is synonymous with revocation.  Further, "immediate" is defined as "[o]ccuring without delay; instant * * *."  *Id.* at 816.  Accordingly, the plain and ordinary meaning of the phrase "immediate loss" means an instant revocation of staff privileges.

{¶31}   Accordingly, his first assignment is without merit.

{¶32}   Jurenovich's second assignment challenges the trial court's separate ruling on the merits of his state due process claim.  He contends that regardless of the terms of Section 3.3(k), state law separately mandates that he was entitled to due process before his privileges were revoked.  He predicates this argument on two Ohio Supreme Court decisions, i.e., *Khan v. Suburban Community Hosp.*, 45 Ohio St.2d 39, 340 N.E.2d 398 (1976), and *Bouquett v. St. Elizabeth Corp.*, 43 Ohio St.3d 50, 538 N.E.2d 113.  While these cases recognize the need for some reasonable and nondiscriminatory due process procedures when a hospital terminates a physician's privileges, neither mandates a hearing in every case, and neither prevents parties from agreeing to written bylaws that permit immediate revocation under designated circumstances.

{¶33}   Further, Jurenovich asserts that the hospital's failure to provide him with a full evidentiary hearing violates his due process rights under the Health Care Quality Improvement Act, Section 11112, Title 42, U.S.Code.  But, in interpreting this federal statute, courts have concluded that it does not create a cause of action for physicians.  *Sinoff v. Ohio Permanente Medical Group, Inc.*, 146 Ohio App.3d 732, 2001-Ohio-4186, 767 N.E.2d 1251, ¶ 33 (8th Dist.), citing *Wayne v. Genesis Med. Ctr.*, 140 F.3d 1145

7

(C.A.8, 1998) and *Hancock v. Blue Cross-Blue Shield of Kansas, Inc.*, 21 F.3d 373 (C.A.10, 1994).

{¶34}  Thus, the trial court did not err in holding that Jurenovich's rights were governed solely by the Section 3.3(k) of the bylaws, and as such, his second assigned error is overruled.

{¶35}  The judgment of the Trumbull County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.