SHACKELFORD, APPELLANT, *v.*
CORTEC INC. ET AL., APPELLEES.

(No. 82-CA-6—Decided
December 30, 1982.)

Mr. John R. Workman, for appellant.
Messrs. Vorys, Sater, Seymour & Pease and Mr. Robert E. Tait, for appellee Cortec Inc.
Mr. Anthony J. Celebrezze, Jr., attorney general, and Mr. James E. Davidson, for appellee Administrator of Bureau of Workers' Compensation.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Fayette County.

Appellant, Michael Shackelford, appeals the decision of the trial court granting a motion for a directed verdict in

favor of the appellees in a workers' compensation case brought pursuant to R.C. 4123.519. Appellant asserts a single assignment of error, as follows:

"The trial court erred in directing a verdict against plaintiff-appellant for failure to present adequate medical evidence. It is legally proper for a licensed chiropractor to answer questions about a patient when his testimony is given 'within a reasonable degree of medical and chiropractic certainty.' "

Although appellant's assignment of error relates to the decision of the trial court granting the appellees' motion for a directed verdict, the error actually asserted is the trial court's failure to admit into evidence the deposition of appellant's medical expert, Dr. James J. McCracken, a chiropractor. At the deposition, appellant asked Dr. McCracken whether he had an opinion based on a "reasonable degree of medical and chiropractic certainty" as to the diagnosis of the appellant's injuries. Over objection, Dr. McCracken responded in the affirmative and stated that appellant suffered from "[a]cute lumbar pain most probably from a strain of the spine."

At trial, the appellees moved the trial court to exclude the expert medical testimony on the basis that Dr. McCracken was not qualified to give an opinion based upon medical certainty, since Dr. McCracken was a chiropractor and not a medical doctor. The trial court excluded the testimony and on that basis subsequently directed a verdict against appellant.

Appellant, upon indication from the court as to its ruling on the exclusion of the deposition, moved for a continuance in order to have the essential expert testimony of his expert, Dr. McCracken, available. The court denied the request.

The issue presented is whether or not the trial court abused its discretion in failing to admit the expert testimony of a chiropractor on the basis that a chiropractor is not qualified to give an opinion "to a reasonable degree of medical and chiropractic certainty."

The determination of whether an individual is qualified to give an expert opinion is within the discretion of the trial court and will not be reversed on appeal unless the trial court clearly abused its discretion. *Ohio Turnpike Comm.* v. *Ellis* (1955), 164 Ohio St. 377 [55 O.O. 440]. In the cause *sub judice,* we find such an abuse.

It cannot be doubted that a licensed chiropractor is qualified to give an opinion relative to the diagnosis of occupational injuries, since R.C. 4734.09 specifically provides that chiropractors may "examine, diagnose, and assume responsibility for the care of patients."

The practice of chiropractic falls within a general definition of the practice of medicine, albeit, a very limited area of such a practice.

It is contended by the appellees that the form of the question propounded to the chiropractor tends to elevate the chiropractor's testimony and opinion to a level allowable only to doctors of medicine.

This court is of the opinion that the question presented to the chiropractor was proper in that there was an explicit limitation on the testimony to be elicited from the expert. The question propounded was in a conjunctive form, "medical and chiropractic certainty," thereby implicitly limiting the response to the area of the practice of medicine and chiropractic specifically authorized by the law.

We believe that the chiropractor's opinion should not have been excluded on the basis that the chiropractor is not qualified to give the opinion as to the diagnosis of appellant's injuries. Had the question propounded to the expert been in the disjunctive, it could have implied that the chiropractor's opinion was qualitatively more reliable than his expertise would

420

have allowed. This court's opinion is limited to the cause *sub judice* and it disclaims any construction which would allow a restricted practitioner of medicine to give expert testimony beyond the limits of his expertise or authority.

We believe that the prejudicial effect of the inclusion of the term "medical" does not outweigh the probative value of the chiropractor's opinion. Consequently, appellant's assignment of error is well-taken.

Although appellant did not specifically raise as error the trial court's failure to grant appellant's motion for a continuance, we believe that the trial court erred in failing to do so under the circumstances of the case. The testimony of appellant's medical expert, Dr. McCracken, was presented by way of deposition since Dr. McCracken was unavailable for trial. Thus, once the testimony was excluded, appellant was without resource to remedy the situation without a continuance. The trial court denied the continuance on the basis of docket congestion, but in the light of the resulting irrevocable harm caused appellant's case by the trial court's denial of the motion, we believe the trial court abused its discretion in failing to grant the continuance. For the reasons set forth, the judgment of the trial court directing a verdict in favor of the appellees is hereby reversed and the cause is remanded for further proceedings consistent with this decision.

It is the order of this court that the judgment herein appealed from be, and the same hereby is, reversed, and the cause is remanded for further proceedings.

*Judgment reversed and*
*cause remanded.*

HENDRICKSON, P.J., KOEHLER and JONES, JJ., concur.