**CHIROPRACTIC CLINIC OF SOLON, Appellee,**

v.

**KUTSKO, Appellant.**

[Cite as *Chiropractic Clinic of Solon v. Kutsko* (1994), 92 Ohio App.3d 608.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 64588.

Decided Jan. 10, 1994.

*David G. Finley,* for appellee.

*Gary B. Garson Co., L.P.A.,* and *Paul W. Flowers,* for appellant.

*Karr & Sherman Co., L.P.A.,* and *Robert P. Sherman,* for *amicus curiae* Ohio State Chiropractic Association.

SPELLACY, Presiding Judge.

Defendant-appellant, Dale Kutsko, appeals from the Bedford Municipal Court's order dismissing his counterclaim against plaintiff-appellee, the Chiropractic Clinic of Solon. For the following reasons, we find that the trial court correctly dismissed defendant's counterclaim, which alleged a violation of the Ohio Consumer Sales Practices Act ("CSPA"), R.C. 1345.01 *et seq.*

On July 24, 1991, plaintiff filed a collection action in the Bedford Municipal Court seeking payment of $656 for professional chiropractic services rendered to defendant. In his answer, defendant denied liability and asserted that the balance claimed to be owed was for treatment which was not medically necessary. Additionally, defendant set forth a counterclaim, seeking damages pursuant to the CSPA. Therein, it was alleged that the treatment for which plaintiff requested payment was not medically necessary, and that plaintiff's actions in charging for said treatment and thereafter filing suit to collect constituted an unfair or deceptive consumer sales practice.

Plaintiff filed a motion for judgment on the pleadings, arguing that chiropractic treatments are not "consumer transactions" subject to the CSPA. On July 1, 1992, the trial court granted appellee's motion for judgment on the pleadings and dismissed appellant's counterclaim. Subsequently, the trial court added the requisite Civ.R. 54(B) language to its dismissal order by certifying that "there is no just reason for delay." This timely appeal followed.

Plaintiff subsequently filed an App.R. 23 motion for sanctions, contending the instant appeal is frivolous. Defendant opposed the motion and filed an R.C. 2323.51(A) cross-motion for sanctions. These motions have been referred to the merit panel and will be considered following our disposition of the merits of the instant appeal.

In his sole assignment of error, defendant contends that the trial court erred as a matter of law by dismissing his counterclaim, which alleged violations of the Ohio Consumer Sales Practices Act, R.C. 1345.01 *et seq.*

Central to the resolution of this case is the interpretation of R.C. 1345.01(A). This statute provides:

" 'Consumer transaction' means a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things. *'Consumer transaction' does not include* transactions between persons, defined in sections 4905.03 [public utilities] and 5725.01 [financial institutions, dealers in intangibles, and insurance companies] of the Revised Code, and their customers; transactions between certified public accountants or public accountants and their clients; *transactions between* attorneys, *physicians,* or dentists *and their clients or patients;* and transactions between veterinarians and their patients that pertain to medical treatment but not ancillary services." (Emphasis added.)

The issue presented by the instant case is whether licensed doctors of chiropractic are "physicians" as that term is used in R.C. 1345.01(A).

 Initially we recognize that the Consumer Sales Practices Act is remedial legislation that should be accorded a liberal construction. *Renner v. Procter & Gamble Co.* (1988), 54 Ohio App.3d 79, 561 N.E.2d 959. Furthermore, absent a clear contrary legislative intent, words in a statute are to be read in their given context and construed according to their plain and ordinary meaning. *Kunkler v. Goodyear Tire & Rubber Co.* (1988), 36 Ohio St.3d 135, 137, 522 N.E.2d 477, 479.

The plain and ordinary definition of "physician" in the context in which it is used herein is "a person skilled in the art of healing." See Webster's Third New International Dictionary (1961) 1707. A "physician" has also been variously defined as "[a] practitioner of medicine; a person duly authorized or licensed to treat diseases; one lawfully engaged in the practice of medicine." Black's Law Dictionary (5 Ed.1979) 1033.

Ohio courts have previously held that the general definition of the "practice of medicine" includes the practice of chiropractic. *Shackelford v. Cortec, Inc.* (1982), 8 Ohio App.3d 418, 419, 8 OBR 542, 543, 457 N.E.2d 876, 877. A chiropractor is a licensed practitioner who is authorized "to examine, diagnose and assume responsibility for the care of patients" and, further, is entitled to use the title "doctor" or "doctor of chiropractic." R.C. 4734.09. We also note that chiropractic claims are subject to the malpractice provisions, including the statute of limitations and pleading requirements. R.C. 2305.11 and 2307.42.

 In view of these considerations and upon a review of the Consumer Sales Practices Act, we conclude that licensed doctors of chiropractic are "physicians" as the term is used in R.C. 1345.01(A). We further find that, contrary to defendant's assertions, the disposition of the instant case is not controlled by *Fort Hamilton Hughes Mem. Hosp. Ctr. v. Southard* (1984), 12 Ohio St.3d 263, 12 OBR 342, 466 N.E.2d 903. The issue raised in *Fort Hamilton Hughes* was whether R.C. 3701.351, which prohibits hospitals from discriminating in the granting of staff membership or hospital privileges, was applicable to chiropractors. Significantly, the term "physician" does not appear in R.C. 3701.351, nor was the Supreme Court called upon to interpret its plain meaning. Pursuant to this interpretation, the Consumer Sales Practices Act does not apply to transactions between licensed doctors of chiropractic and their patients. Accordingly, the trial court did not err in dismissing defendant's counterclaim for alleged violations of the Consumer Sales Practices Act.

Defendant's assignment of error is overruled.

On August 25, 1993, plaintiff filed an App.R. 23 motion for sanctions seeking a determination that the instant appeal is frivolous. On September 26, 1993,

defendant filed his opposition to plaintiff's motion and raised a cross-motion for sanctions pursuant to R.C. 2323.51. Therein, defendant sought recovery of reasonable attorney fees incurred in responding to defendant's "baseless" App.R. 23 motion.

■ App.R. 23 allows a court of appeals to require an appellant to pay reasonable expenses of the appellee, including attorney fees and costs, upon a finding that an appeal is frivolous. *In re Estate of Hollingsworth* (1989), 58 Ohio App.3d 14, 15, 567 N.E.2d 1322, 1322. "A frivolous appeal under App.R. 23 is essentially one which presents no reasonable question for review." *Talbott v. Fountas* (1984), 16 Ohio App.3d 226, 16 OBR 242, 475 N.E.2d 187.

■ We find that the instant appeal is not frivolous, as it presents a novel issue of statutory construction under the Consumer Sales Practices Act. Thus, plaintiff's App.R. 23 motion is not well taken and is overruled.

R.C. 2323.51 allows a trial court to assess reasonable attorney fees against a party and/or counsel of record for frivolous conduct during a civil action. *Pisanick–Miller v. Roulette Pontiac Cadillac GMA, Inc.* (1991), 62 Ohio App.3d 757, 577 N.E.2d 446. Moreover, we note it has been observed that "R.C. 2323.51 does not authorize the award of 'future' attorney fees, see R.C. 2323.51(B), or fees incurred in 'collateral proceedings,' *e.g.,* appeal." *Lamberjack v. Gyde* (Nov. 19, 1993), Ottawa App. No. 92–OT–034, 1993 WL 476313, unreported.

Thus, defendant's R.C. 2323.51 cross-motion for sanctions is not well taken and is overruled.

*Judgment affirmed.*

MATIA and NUGENT, JJ., concur.