EAST LIVERPOOL CITY HOSPITAL, Appellee,

v.

WARD, Appellant.

[Cite as *E. Liverpool City Hosp. v. Ward* (1996), 111 Ohio App.3d 810.]

Court of Appeals of Ohio,
Seventh District, Columbiana County.

No. 95–CO–22.

Decided June 21, 1996.

*Charles L. Payne*, for appellee.

*Paul W. Flowers*, for appellant.

GENE DONOFRIO, Judge.

Defendant-appellant, Dennis Ward, hereby appeals from an order of the East Liverpool Municipal Court granting judgment in favor of plaintiff-appellee, East Liverpool City Hospital, in the amount of $405 plus costs and interest at ten percent per annum from August 9, 1993.

On April 28, 1994, appellee filed a complaint against appellant alleging that appellant owed $1,900 for medical services provided to his son, Michael Ward. Appellee filed an answer denying liability, claiming that appellee was seeking payment for medically unnecessary services.

On January 23, 1995, the parties filed joint stipulations of fact. It was further agreed that the court could resolve this matter without an evidentiary hearing. Appellee subsequently amended its demand to $540.

The stipulations of fact provided that appellant's son, Michael Ward, sought treatment for his allergies from Dr. Pan of East Liverpool, Ohio. Pan was a member of appellee's medical staff and held admitting privileges but was not an employee. The stipulations further provided that Pan referred Michael Ward to appellee's facility for RAST testing, which was performed on August 9, 1993. Appellee paid Roche Biomedical Laboratories, Inc. $65 for this service.

Appellant subsequently submitted appellee's bill for the RAST testing to his group health plan. The plan then referred the claim to an independent review specialist, Howard J. Schwartz, M.D. Schwartz subsequently determined that RAST testing was medically unnecessary since a commonly accepted and less expensive alternative known as "skin testing" was available and should have been utilized. Based upon this opinion, appellant's plan agreed to pay appellee $135, which would have been the expected cost of skin testing. The total bill for the RAST testing was $540, leaving a balance of $405, which appellee claimed was owed to it by appellant.

Upon these stipulated facts, the trial court entered judgment in favor of appellee. Appellant then filed the instant appeal.

Appellant's sole assignment of error is:

"The trial court erred by entering judgment upon the stipulated facts in favor of plaintiff and against defendant."

Appellant argues that since he never entered into an express agreement with appellee for the RAST testing, his responsibility for payment must rest upon an implied contract. Appellant further argues that, under the law of implied contract, a health care provider is entitled only to payment for "medically necessary" services and treatment.

While we have found no case law on point, a case similar to the one before us is *Chiropractic Clinic of Solon v. Kutsko* (1994), 92 Ohio App.3d 608, 636 N.E.2d 422. In that case, the clinic filed a collection action against Kutsko. In his answer, Kutsko denied liability, alleging that the services rendered had been unnecessary. Kutsko also counterclaimed, seeking damages under the Ohio Consumer Sales Practices Act, R.C. Chapter 1345. The trial court dismissed Kutsko's counterclaim and granted judgment in favor of the clinic.

On appeal, the *Kutsko* court found that the trial court had properly dismissed Kutsko's counterclaim since chiropractors are "physicians" for purposes of the Act, making the Act's provisions inapplicable. In so finding, the appellate court affirmed the judgment in favor of the clinic.

While the *Kutsko* court did not specifically deal with Kutsko's argument that he should not be liable for medically unnecessary services, the court effectively dismissed this argument by affirming the judgment in favor of the clinic.

In the instant case, while we sympathize with appellant, we cannot say that the trial court erred in granting judgment in favor of appellee. It is undisputed that Pan was not an employee of appellee. It is also undisputed that the RAST testing was performed by appellee upon Pan's order and that the charge for the testing was the usual and customary charge in the region. Pan ordered the test on behalf of appellant as the physician for appellant's son. As a matter of agency and contract law, appellant was liable to appellee for the cost of the service provided.

Appellant's assignment of error is without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

O'NEILL, P.J., and COX, J., concur.