JOURNAL ENTRY AND OPINION
Plaintiffs-appellants Chiropractic Clinic of Solon, Inc., and David C. Radford, D.C., appeal from the trial court's decision to grant defendants-appellees' motion to dismiss based upon the statute of limitations having expired at the time the action was filed. See Civ.R. 12(B)(6). For the reasons adduced below, we reverse and remand for further proceedings.
A review of the record on appeal indicates that plaintiffs provided chiropractic services to Mr. Dale Kutsko from January through March, 1988. See complaint at paragraphs 7-8. Plaintiffs submitted their billing for these services (in the amount of $1,549.80) to the patient's insurer, defendant Cincinnati Equitable Insurance Company (CEIC), which insurance plan, in turn, was administered by defendant-appellee Enterprise Group Planning, Inc. (EGP).[1] The insurer paid a portion of the services under the plan ($893.80), but denied payment on the remainder of the services (totaling $656). Thereafter, plaintiffs filed suit in Bedford Municipal Court on July 24, 1991, against the patient seeking payment for the services which were denied coverage; the patient's defense was provided by EGP and CEIC pursuant to the policy of insurance. In this municipal collection action, the patient asserted a counterclaim alleging that the non-covered services, which were arguably not medically necessary, were the result of a violation of Ohio's Consumer Sales Practices Act by the medical provider. The plaintiffs received a judgment on December 26, 1995, in the amount of $656 from the Bedford Municipal Court; this judgment was paid in full subsequent to the exhaustion of appeals from that money judgment. See Chiropractic Clinic of Solon v. Kutsko(Cuyahoga, Jan. 10, 1994), 92 Ohio App.3d 608, discretionary appeal disallowed in (1994), 69 Ohio St.3d 1451 (affirmance of municipal court's decision to grant judgment on the pleadings in the collection action and dismiss Kutsko's counterclaim); Chiropractic Clinic of Solon v. Kutsko (Dec. 5, 1996), Cuyahoga App. No. 70119, unreported (affirmance of the municipal court judgment on the account); Chiropractic Clinic of Solon v. Kutsko (Dec. 10, 1998), Cuyahoga App. No. 73548, unreported, 1998 Ohio App. LEXIS 5937 (affirmance of the trial court's denial of summary judgment on plaintiff-appellant-movant's common pleas court action [see Cuyahoga County Common Pleas Court Case No. CV-327440] alleging a bad-faith claim, and grant of judgment in favor of defendants-appellees-insurers therein).
On April 15, 1999, plaintiffs filed the action sub judice in the Cuyahoga County Common Pleas Court, General Division, alleging common law tortious interference with contract.[2] The basis for this claim is that defendants allegedly,
 * * * advised, encouraged, facilitated and assisted their insured, Dale Kutsko, to and in (sic) not pay the legal obligation owed to Plaintiffs by their insured and took additional steps to interfere with the payment of the legitimate debt owed by Dale Kutsko to the Plaintiffs.
* * *
 * * * continued to encourage their insured to not meet his contractual obligation to Plaintiffs, actively participated in attempts to frustrate, delay and prevent the collection of legitimate fees for services rendered by the Plaintiffs, and persisted in interference with the contractual relationship by instituting and continuing legal proceedings including protracted appeals all to the detriment of Plaintiffs.
See Complaint at paragraphs 11 and 14.
The only date mentioned in the complaint was the date the medical services were provided to the patient, namely, January through March, 1988. See complaint at paragraphs 7 and 8.
The action was removed by the defendants to federal court on May 14, 1999. See Chiropractic Clinic of Solon, et al. v. Enterprise Group Planning, et al., U.S. District Court, Northern District of Ohio, Eastern Division, Case No. 1:99CV1161. On July 16, 1999, the federal court remanded the action to common pleas court.
Defendants filed their motion to dismiss and for judgment on the pleadings in common pleas court pursuant to Civ.R. 12(B)(6) and (C) on November 1, 1999. Plaintiffs filed their brief in opposition to dismissal/judgment on December 14, 1999. Defendants filed a reply brief on December 29, 1999.
On January 21, 2000, the trial court, using a half-sheet status form entry containing three sentences, granted the motion to dismiss/judgment based upon the statute of limitations having expired, stating the following:
 Deft's motion to dismiss is well taken and granted as plaintiff failed to file within the time allowed by the statute of limitations. The action accrued at the time the alleged interference occurred. This court's position is that the ruling of the municipal court is irrelavant (sic).
This appeal presents the following lone assignment of error:
 THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION TO DISMISS FOR FAILURE TO FILE A COMPLAINT WITHIN THE TIME ALLOWED BY THE STATUTE OF LIMITATIONS.
When construing a complaint upon a motion to dismiss for failure to state a claim for relief pursuant to Civ.R. 12(B)(6), it is presumed that all factual allegations in the complaint are true, and it must appear beyond a doubt that the plaintiff can prove no set of facts warranting recovery. Tulloh v. Goodyear Automatic Corp. (1992), 62 Ohio St.3d 541,544, 584 N.E.2d 729; Phung v. Waste Mgt., Inc. (1986), 23 Ohio St.3d 100,491 N.E.2d 1114; O'Brien v. Univ. Community Tenants Union (1975),42 Ohio St.2d 242, 327 N.E.2d 753. This standard for granting a motion to dismiss is in accord with the notice pleading regimen incorporated into the Ohio Rules of Civil Procedure. York v. Ohio State Highway Patrol (1991), 60 Ohio St.3d 143, 573 N.E.2d 1063; see Civ.R. 8. However, unsupported legal conclusions are not sufficient to withstand a motion to dismiss. Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 193,532 N.E.2d 753; Schulman v. Cleveland (1972), 30 Ohio St.2d 196, 198,283 N.E.2d 175.
In making a motion for judgment on the pleadings made pursuant to Civ.R. 12(C), the non-moving party is entitled to have all reasonable inferences to be drawn therefrom construed in its favor as true. 2A Moore's Federal Practice and Procedure, Wright and Miller, Section 1368. Civ.R. 12(C) presents only questions of law, and determination of the motion for judgment on the pleadings is restricted solely to the allegations in the pleadings. Conant v. Johnson (1964), 1 Ohio App.2d 133,204 N.E.2d 100; Peterson v. Teodosio (1973), 34 Ohio St.2d 161, 165-166,297 N.E.2d 113. However, because there has been no answer filed by defendants, a motion for judgment on the pleadings is premature and may not be considered. State ex rel. Kaylor v. Bruening (1997),80 Ohio St.3d 142, 684 N.E.2d 1228. Thus, the trial court could only review the matter raised by defendants pursuant to Civ.R. 12(B)(6).
The central issue is whether, from the face of the pleadings alone, and with all reasonable inferences drawn therefrom in favor of the non-movants, the action was commenced within the four-year statute of limitations. As previously stated, the only date mentioned in the complaint is the original period of treatment (January through March of 1988). The alleged grievances which form the basis of the tortious interference, see complaint at paragraphs 11 and 14, supra, in viewing them in isolation, are incapable of determining therefrom the precise accrual date for the alleged tortious interference. Certainly, a number of these alleged grievances occurred during the resolution of the collections litigation. The trial court's final order does state that [T]he action accrued at the time the alleged interference occurred. Of course the action accrued at the time the interference occurred; at what other time would the action accrue? This statement provides no guidance. The problem inherent with this order is choosing the precise date the alleged interference occurred. This is incapable of resolution from viewing solely the face of the complaint.[3] Accordingly, the trial court erred in granting the motion to dismiss at this time.
Assignment affirmed.
Judgment reversed and remanded.
This cause is reversed and remanded.
It is, therefore, considered that said appellant(s) recover of said appellee(s) their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
KENNETH A. ROCCO, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] This health insurance plan was provided as a benefit by the patient's employer, Roth Young Personnel.
[2] It is conceded by the parties that the statute of limitations for a claim of tortious interference with contract is four years pursuant to R.C. 2305.09(D). See appellants' brief at 12 and appellees' brief at 7.
[3] This is not to say that the issue of the expiration of the statute of limitations may not be capable of resolution at a later date upon (1) the filing of an amended complaint wherein precise dates for the tortious interference are provided and further Civ.R. 12 motion practice, or (2) subsequent to discovery regarding precise dates and the filing of a motion for summary judgment.