I respectfully dissent.
Evid.R. 702 sets forth the standards for testimony by an expert. Under prevailing law, a chiropractor is qualified to give an opinion "to a reasonable degree of medical and chiropractic certainty" relative to the diagnosis of injuries within a chiropractor's field of expertise.Shackelford v. Cortec, Inc. (1982), 8 Ohio App.3d 418, syllabus. See, also, McDevitt v. Wenger, 5th Dist. No. 2002AP090071, 2003-Ohio-6096;Bargo v. RL Transfer, Inc. (Aug. 28, 2000), 12th Dist. No. CA99-11-108; Sprinkle v. Mayfield (Feb. 5, 1991), 2nd Dist. No. 11796, at *7; Carrington v. L.B. Mfg., Inc. (Feb. 14, 1990), 5th Dist. No. 89-CA-26, at *5. Therefore, under this general understanding, the trial court erred in refusing to allow the chiropractor's testimony about the causation and permanence of Ms. Smith's neck and back injuries. Although her general physician testified to causation, he did not testify to permanency. Also, Ms. Smith had only one visit with him. On the other hand, her proffered chiropractic expert was also her treating chiropractor and, therefore, in a better position to testify to causation and permanency after treating her for several months. Her treating chiropractor's lack of testimony on these issues clearly prejudiced her case. I would reverse.